# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2011

No. 10-50867
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-76-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jaime Torres seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's orders denying his motions for return of property pursuant to Federal Rule of Criminal Procedure 41(g), entering a final judgment of forfeiture as to assets and a cash amount listed in Torres's criminal judgment, and entering a final judgment of forfeiture as to substitute assets. In his brief, Torres declares that he does not seek the return of any of the property listed in the jury's forfeiture verdict, as he understands that he must seek return of that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property through a direct appeal and not through a Rule 41(g) motion. However, he does seek return of the items that were not listed in the jury's verdict but that were ordered forfeited. He argues that the Government was not entitled to those items because they were obtained through legitimate means, something he alleges was demonstrated in his district court proceedings. He contends that 21 U.S.C. § 853 allows for the forfeiture of substitute property only when a defendant's actions have caused the originally forfeited property to become unavailable, diminished in value, or commingled with other property. In his case, however, the assets listed in the verdict were available and actually were obtained by the Government, rendering the forfeiture of substitute property in violation of the forfeiture statute.

A movant seeking leave to proceed IFP on appeal in a civil case must show that he is a pauper and that the appeal raises nonfrivolous issues. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). A movant seeking leave to proceed IFP in a criminal case must make the same showing. *See United States v. Boutwell*, 896 F.2d 884, 888-90 (5th Cir. 1990) (one-judge order circulated to entire court). To meet the financial requirement for IFP status, a movant need not show absolute destitution. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, the central question is whether the movant can afford the costs of a particular litigation without undue hardship or deprivation of the necessities of life. *Id.* at 339-40. "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of the appeal, does not require that probable success be shown. The inquiry is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Torres satisfies the financial criterion to proceed IFP. *See Adkins*, 335 U.S. at 339.

Torres's property interests in the assets listed in the verdict were extinguished upon the entry of the preliminary order of forfeiture at the time of

the criminal judgment. *See United States v. De Los Santos,* 260 F.3d 446, 448 (5th Cir. 2001). He lacks standing to challenge the forfeiture of those assets in an appeal from the order granting a final order of forfeiture of the assets listed in the criminal judgment. *See id.* To the extent that Torres is appealing from the denial of the final judgment of forfeiture as to the assets listed in the criminal judgment, we lack jurisdiction over the appeal.

To the extent that the Rule 41(g) motions sought return of the property listed in the verdict and judgment, Torres acknowledges that his remedy was a direct criminal appeal. He has abandoned his Rule 41(g) contentions as to those assets. *See In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 439 n.6 (5th Cir. 1982).

Relief under Rule 41(g) or in a 28 U.S.C. § 1331 action is unavailable if the litigant has an adequate remedy at law and will not suffer irreparable injury if relief is denied. *See Industrias Cardoen, LTDA v. United States*, 983 F.2d 49, 51-52 (5th Cir. 1993); *Richey v. Smith,* 515 F.2d 1239, 1243-44 (5th Cir. 1975). The rule governing forfeiture proceedings explicitly provides that a defendant may take a direct appeal from an order directing the forfeiture of substitute property. FED. R. CRIM. P. 32.2(b)(4)(C), (e). Because Torres could--and did--appeal directly and timely from the forfeiture order as to substitute assets, he had an adequate remedy at law and no irreparable injury, and Rule 41(g) relief was unavailable. *See Industrias Cardoen*, 982 F.2d at 51-52.

The Government sought forfeiture of substitute assets in order to satisfy the money judgment component of Torres's criminal sentence. Torres did not object to the government's motion for forfeiture of substitute assets, and he did not contend in his second Rule 41(g) motion that the substitution was improper because the money was available. On appeal, he alleges that the assets listed in the verdict were available and were obtained by the Government, but he does not contend specifically that substitution was improper because the money was available to satisfy the cash forfeiture order.

No. 10-50867

Section 853 allows for forfeiture of substituted property if "any property [that has been ordered forfeited], as a result of any act or omission of the defendant . . . cannot be located on the exercise of due diligence." § 853(p)(1)(A), (p)(2). Because Torres does not contend that substitution was improper because the money to satisfy the money judgment component was available, he has failed to brief the relevant issue for appeal on direct appeal from the final forfeiture judgment as to substitute property. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Torres has failed to raise any nonfrivolous issues for appeal. *See Howard*, 707 F.2d at 220.

IFP DENIED; APPEAL DISMISSED