# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20661

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

DONG DANG HUYNH,

        Defendant - Appellee

v.

U.S. TOURS AND REMITTANCE, doing business as US Tours,

        Defendant - Appellant

NOWAK & STAUCH, L.L.P.,

        Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-351-3

Before JOLLY and JONES, Circuit Judges, and GODBEY\*, District Judge.

\* District Judge of the Northern District of Texas, sitting by designation.

No. 13-20661

E. GRADY JOLLY, Circuit Judge:**

In this criminal forfeiture case, U.S. Tours and Remittance and its law firm Nowak & Stauch, L.L.P. appeal from the district court's dismissal of their petition for amendment of the forfeiture order. In their petition, they alleged, among other things, that the district court had forfeited money belonging to U.S. Tours, rather than to the criminal defendant. Because they alleged only that the money belonged to U.S. Tours at the time of the seizure, and not before the occurrence of the acts giving rise to the forfeiture, their petition failed to state a claim under 21 U.S.C. § 853(n)(6). We therefore AFFIRM.

I.

This appeal has its origins in the criminal activities of Dong Dang-Huynh ("Dong"). Dong laundered money for his customers using U.S. Tours, his Vietnam-focused remittances business. Dong's customers would bring him large amounts of cash, which he arranged to have deposited into U.S. Tours's bank accounts in amounts below the amount that would trigger U.S. Tours's legal obligation to file currency transaction reports ("CTRs"). Using this technique, U.S. Tours deposited more than $24 million—some of which was attributable to the drug trade—without filing any CTRs. *See generally United States v. Dong Dang Huynh*, 420 F. App'x 309, 313–15 (5th Cir. 2011).

Dong's activities with U.S. Tours attracted the attention of both state and federal authorities. In 2004, the State of Texas seized over a million dollars held in two of U.S. Tours's bank accounts ("the Funds"). In 2008, a federal jury found Dong guilty of several financial crimes—money laundering under 18 U.S.C. § 1957, conspiracy to commit money laundering under 18 U.S.C. § 1956(h), and conspiracy to defraud the United States ("the

---

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 13-20661

government") by failing to file CTRs under 18 U.S.C. § 371—and, in 2009, the district court awarded a $24-million money judgment against Dong and in favor of the government. To begin satisfying the money judgment, the district court issued a preliminary order of forfeiture for around $1.2 million. The order did not mention the Funds, although evidence regarding their existence had been presented at the federal trial.

U.S. Tours, represented by its law firm Nowak & Stauch, contested Texas's seizure of the Funds. They evidently had some success, as the government learned in 2011 that Texas might settle or non-suit its forfeiture action. The government responded to this information by successfully moving the district court for a "Conditional Order of Seizure." This order provided that, if the Funds were not forfeited to Texas, they would be forfeited to the United States. In April 2012, when Texas indeed non-suited its forfeiture action and delivered the Funds to U.S. Tours, the FBI was waiting to seize them.

The district court then amended the preliminary order of forfeiture to include the Funds. In June 2012, U.S. Tours and Nowak & Stauch petitioned for the return of the Funds under 21 U.S.C. § 853. The district court dismissed that petition on October 9, 2013. According to the district court, the petitioners did not allege facts supporting a "superior interest at the time of the criminal offenses," and thus the petition failed to state a claim under 21 U.S.C. § 853(n)(6).

U.S. Tours and Nowak & Stauch now appeal the district court's dismissal of their petition. We review motions to dismiss § 853(n) petitions de novo, taking all of the petitioner's allegations as true. *United States v. Alvarez*, 710 F.3d 565, 567 (5th Cir. 2013). A "dismissal is affirmed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (internal quotation marks omitted).

No. 13-20661

II.

A.

The appellants seek return of the Funds on three grounds. First, the appellants argue that the Funds belonged to U.S. Tours, and not to Dong, and thus that they were ineligible for forfeiture. Second, the appellants argue that the district court's amendment of the preliminary order of forfeiture to include the Funds was improper under Federal Rule of Criminal Procedure 32.2. Finally, the appellants argue that, even if forfeiture is otherwise proper, Nowak & Stauch is still owed its attorney's fees under the common-fund doctrine.

The appellants' procedural argument, at least, may have merit. Rule 32.2 permits the court to "amend an existing order of forfeiture to include property that . . . (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or (B) is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1). The government admits both that the Funds are not substitute property and that they were not "literally" located and identified after the initial order of forfeiture was entered. Nonetheless, characterizing the appellants' Rule 32.2 argument as a mere "technical argument," the government asserts that the amendment was proper because Texas was seeking to forfeit the Funds at the time of Dong's federal trial, and "it was simply not appropriate to interfere with another sovereign's jurisdiction." But regardless of whether an amendment is "appropriate," it must be *legal*. And since it is Rule 32.2, and not the government's notions of federal-state comity, that determines the legality of a forfeiture-order amendment, we are inclined to think that the government too easily dismisses the rule's text.

We may not reach the appellants' arguments, however, because the appellants are barred from making them. Rule 32.2 and 21 U.S.C. § 853 set

4

No. 13-20661

out two different proceedings in forfeiture cases: a forfeiture phase involving the criminal defendant, and an ancillary proceeding for third parties. In the forfeiture phase, "the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture," "without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2). Third parties may then attack the forfeiture order in an ancillary proceeding under § 853. In that ancillary proceeding,

> "[a] third party can prevail . . . in one of two ways: (1) it can establish priority over the interest of the United States by showing that it had an interest in the property superior to the defendant's interest at the time the defendant committed the crime, 21 U.S.C. § 853(n)(6)(A); or (2) it can establish that it was a bona fide purchaser for value of the property, and, at the time of purchase, had no reason to believe that the property was subject to forfeiture, *id*. at § 853(n)(6)(B).

*United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 684 (5th Cir. 2013).

We have held that § 853(n)(6) sets out the exclusive ways in which a third party may obtain relief from a criminal-forfeiture order. *See id.* at 684–85 ("[T]he only way in which a third party may assert an interest in the forfeited property is through an ancillary proceeding. . . . If a third party is unable to satisfy either § 853(n)(6)(A) or (B), it cannot prevail in the ancillary proceeding."). Every circuit to have considered the question has held the same. *See United States v. Fabian*, 764 F.3d 636, 637–38 (6th Cir. 2014); *United States v. Davenport*, 668 F.3d 1316, 1320–21 (11th Cir. 2012); *United States v. Porchay*, 533 F.3d 704, 710 (8th Cir. 2008); *United States v. Andrews*, 530 F.3d 1232, 1236–37 (10th Cir. 2008); *DSI Assocs. LLC v. United States*, 496 F.3d 175, 184–85 (2d Cir. 2007); *United States v. McHan*, 345 F.3d 262, 269 (4th

5

No. 13-20661

Cir. 2003). Thus, arguments about whether the property was initially forfeitable, whether proper forfeiture procedure was followed, and whether the requirements of the common-fund doctrine are satisfied are beside the point. Instead, the only question we need address—aside from that of due process, which is considered below—is whether the appellants state a claim under either § 853(n)(6)(A) or (B).

They do not. As an initial matter, the appellants do not argue that U.S. Tours is a bona-fide purchaser for value under § 853(n)(6)(B). Instead, they argue only that the property became U.S. Tours's, and not Dong's, once it was deposited into U.S. Tours's bank accounts, and thus that they are entitled to relief under § 853(n)(6)(A). But § 853(n)(6)(A) requires them to show that U.S. Tours's "interest was superior to any . . . interest of the defendant *at the time of the commission of the acts which gave rise to the forfeiture of the property.*" § 853(n)(6)(A) (emphasis added). Here, as the district court correctly held, the "acts which gave rise to the forfeiture" included those constituting Dong's conspiracy with his customers to launder criminal proceeds and not to file CTRs, and those acts necessarily occurred before Dong deposited the Funds into U.S. Tours's bank accounts.[1] Because the appellants do not allege that they had an interest in the Funds before Dong conspired with his customers, the district court correctly dismissed their petition.[2]

---

[1] As the government points out, § 853(n)(6)(A) dovetails with § 853's "relation-back" doctrine, which provides that property subject to forfeiture under § 853(a) "vests in the United States upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c). But the relation-back doctrine goes to the question of whether the property was properly forfeited in the first place, while § 853(n)(6)(A) asks whether the *petitioner* had a superior interest in the property at the time of the acts giving rise to the forfeiture. Those are different questions, and, under *Holy Land*, it is only the latter that is relevant here.

[2] The district court also held that the appellants' petition was insufficient to satisfy § 853's pleading requirement that a petition "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). Because we

No. 13-20661

B.

That brings us to the final question: due process.  The appellants argue that § 853 violates the Fifth Amendment's Due Process Clause insofar as it forecloses them from challenging the propriety of the initial forfeiture.  This argument, however, was rejected by the Supreme Court in *Libretti v. United States*, 516 U.S. 29 (1995).  There, Libretti argued that, before accepting a guilty plea in a case involving forfeiture, the court should have to make an inquiry into the factual basis for the forfeiture under Federal Rule of Criminal Procedure 11(f).  *Id.* at 37–38.  Such an inquiry, according to Libretti, was "essential to preserving third-party claimants' rights" because "[a] defendant who has no interest in particular assets . . . will have little if any incentive to resist forfeiture of those assets, even if there is no statutory basis for forfeiture."  *Id.* at 44.  Moreover, Libretti's argument continued, a § 853 ancillary proceeding "is inadequate to safeguard third party rights, since entry of a forfeiture order deprives third party claimants of the right to a jury trial and reverses the burden of proof."  *Id.*  The Supreme Court rejected this argument, holding that no Rule 11(f) inquiry was required.  *Id.*

The Supreme Court's rejection of a due-process argument concerning § 853 controls this case.  *See also McHan*, 345 F.3d at 270 ("The Supreme Court's rejection in *Libretti* of challenges similar to those made by petitioners in this case . . . require[s] us to reject petitioners' claims that the statutory scheme [of § 853] denies them due process.").  We therefore reject the appellants' argument that § 853(n)(6) violates due process under the Fifth Amendment.

---

agree with the district court that the petition failed to state a claim under § 853(n)(6), however, we need not decide whether § 853(n)(3) was satisfied.

No. 13-20661

## III.

Section 853(n)(6) provides a third party to a criminal-forfeiture order only two grounds for relief. Because the appellants failed to state a claim under either of those grounds, and because the Supreme Court has held that § 853(n)(6) comports with due process, the district court's order dismissing the appellants' § 853 petition is

AFFIRMED.