**Lawrence Alan HABERMAN,
Plaintiff–Appellant**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 14–10281
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 2015.

Lawrence Alan Haberman, Marianna, FL, pro se.

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM: *

Lawrence Alan Haberman, federal prisoner # 36897–177, appeals from the order of the district court dismissing his constructive civil action as frivolous pursuant to 28 U.S.C. § 1915A. In a pleading captioned as a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, Haberman sought the return of $24,474.80 that was ordered forfeited in a supplemental preliminary order of forfeiture. The district court construed the motion as an independent civil action and dismissed the action on the merits.

On appeal, Haberman contends that the district court erred by dismissing his action as frivolous. We need not address his arguments on their merits.

"Relief under Rule 41(g) or in a 28 U.S.C. § 1331 action is unavailable if the litigant has an adequate remedy at law and will not suffer irreparable injury if relief is denied." *United States v. Torres,* 450 Fed. Appx. 361, 362 (5th Cir.2011). Haberman could have taken a direct appeal from the supplemental preliminary order of forfeiture, thus providing him with an adequate legal remedy. *See United States v. De Los Santos,* 260 F.3d 446, 448 (5th Cir. 2001); *see also Torres,* 450 Fed.Appx. at 362. Because Haberman had an adequate legal remedy available to him, relief under Rule 41(g) or an independent civil action was unavailable to him. *See Torres,* 450 Fed.Appx. at 362.

This appeal is without arguable merit, and it should be dismissed as frivolous. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). The dismissal of Haberman's civil action and the dismissal of this appeal each counts as a strike against Haberman for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996). Another action of Haberman's as to a different supplemental forfeiture order was dismissed as frivolous by the district court, and the dismissal was affirmed by this court. *Haberman v. United States,* 582 Fed.Appx. 309, 309–10 (5th Cir.2014). Haberman has accumulated three strikes, and he may no longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED. *See* 5TH CIR. R. 42.2. 28 U.S.C. § 1915(g) SANCTION BAR IMPOSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.