# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-20131

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

BABAR JAVED BUTT,

Defendant,

and

HUMA BUTT; TAJUDDIN SALAHUDDIN,

Appellants.

———————

Appeals from the United States District Court
for the Southern District of Texas

———————

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Huma Butt ("Huma") and Tajuddin Salahuddin, *pro se*, asserted interests in a convicted criminal defendant's property that was subject to criminal forfeiture and criminal restitution.  The district court denied their motions for

No. 18-20131

ancillary hearings and return of property. They appeal, challenging the rejection of their petitions for ancillary hearings and asserting their interests in the criminal defendant's property. We affirm in part, vacate in part, and remand.

I.

Babar Javed Butt ("Babar") was convicted of mail fraud. During the criminal investigation, the government seized from Babar $91,267 (the "cash") and 452 electronic devices (the "devices") consisting of tablets, phones, and computers. The cash was transferred to the U.S. Marshals Service. The district court sentenced Babar, in part, to $287,679 in restitution and ordered him to forfeit $287,679. The court also granted the government's motions to forfeit 360 of the devices to the United States in partial satisfaction of the forfeiture order and to turn over the cash in partial satisfaction of Babar's restitution debt.

Huma and Salahuddin, not parties to the criminal proceeding, asserted interests in the cash and electronic devices, filing individual *pro se* motions seeking ancillary hearings and the return of property. Huma, Babar's sister, claimed that she had a "priority ownership" in and was a "bonafide purchaser" of the cash and devices because she had paid off a debt that Babar owed to a third party for lending him money to purchase electronic devices. The district court denied her motion because she was not a party to the criminal proceeding.

Salahuddin contended that he was a secured creditor of Babar's and that he possessed a lien superior to that of the United States on the cash and devices because he had executed a Collateralized Inventory Loan with Babar that placed that property "under lien." The court also denied Salahuddin's motion because, taking his allegations as true, he was "at best" "an unsecured creditor" of the cash and devices, so "the United States ha[d] a superior claim to the

No. 18-20131

assets."

On appeal, Huma and Salahuddin challenge the denial of their motions asserting their interests in the cash and devices and seeking ancillary hearings. Huma contends that she has a "superior right because she is a bonafide lien holder" of the cash and devices for having paid Babar's debt to the third party. Salahuddin maintains that the Collateralized Inventory Loan establishes him as Babar's secured creditor with a lien superior to that of the United States on the cash and devices.

## II.

A third party "asserting a legal interest in property which has been ordered forfeited" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2)–(3); *see also* FED. R. CRIM. P. 32.2(c). When "a third party files a petition asserting an interest" in property that the government seeks to forfeit, the district "court must conduct an ancillary proceeding." FED. R. CRIM. P. 32.2(c)(1). A petitioner has the burden of proving "by a preponderance of the evidence that" (1) "legal right, title, or interest" in the forfeited property "was vested in the petitioner rather than the defendant" or that petitioner's "legal right, title, or interest" was "superior" to that "of the defendant at the time of the commission of the acts which gave rise to the forfeiture," or (2) "the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6).

"In [an] ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." FED. R. CRIM. P. 32.2(c)(1)(A). "For purposes of the motion, the facts set forth in the petition are assumed to be true." *Id.* "Although . . . ancillary

3

No. 18-20131

proceeding[s] arise[] in the context of criminal forfeiture, [they] closely resemble[] . . . civil proceeding[s]."[1]  Furthermore, the advisory committee's notes to Rule 32.2 state that courts should follow the Federal Rules of Civil Procedure for "fundamental areas" of ancillary proceedings, such as "motion[s] to dismiss."  FED. R. CRIM. P. 32.2 advisory committee's note to 2000 adoption.

Consequently, this court applies the standard of review under Federal Rule of Civil Procedure 12 to the pleading-stage dismissal of a petition for an ancillary proceeding.[2]  That standard of review states that this court "review[s] de novo a district court's grant or denial of a Rule 12(b)(6) motion to dismiss" for failure to state a claim, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the" nonmoving party.  *Groden v. City of Dallas*, 826 F.3d 280, 283 (5th Cir. 2016) (citation omitted).

## III.

As an initial matter, Huma's and Salahuddin's appeals are timely because the deadline for a civil notice of appeal applies.  Ancillary proceedings are civil in nature.  *See Corpus*, 491 F.3d at 208.  Where multiple parties file petitions in the same case asserting property interests, an order dismissing a petition for an ancillary proceeding is not appealable until the district court has ruled on all the petitions "unless the court determines that there is no just reason for delay."  FED. R. CRIM. P. 32.2(c)(3).

The district court denied Huma's motions to reconsider its denial of her

---

[1] *United States v. Corpus*, 491 F.3d 205, 208 (5th Cir. 2007); *see also id.* at 208–09 (evaluating a motion for summary judgment in an ancillary proceeding according to the standard of review of Federal Rule of Civil Procedure 56).

[2] *See United States v. Stone*, 304 F. App'x 334, 336 (5th Cir. 2008) (per curiam) (explaining that a motion to dismiss a petition for an ancillary proceeding is reviewed using the same standard as under Rule 12); *Corpus*, 491 F.3d at 208–09 (citing favorably *Pacheco v. Serendensky*, 393 F.3d 348 (2d Cir. 2004), which reviewed a motion to dismiss a petition for an ancillary proceeding under the Federal Rules of Civil Procedure).

No. 18-20131

petition for an ancillary hearing on February 2, 2018, and denied Salahuddin's motion for an ancillary hearing on February 12. Huma and Salahuddin filed their notices of appeal 11 days (February 23) and 15 days (February 27), respectively, after the denial of Salahuddin's petition. Thus, both appeals were timely under the civil deadline. *See* FED. R. APP. P. 4(a)(1)(A).[3]

## IV.

### A.

Huma challenges the denial of her petition for an ancillary hearing, asserting that the court erroneously refused to consider her "rights in the seized cash and electronic devices." In her petition, Huma alleged that Babar owed money to a third party who had given Babar money to purchase laptops and ship them to him. Huma agreed to pay Babar's debt and did so by borrowing money. Throughout this time, Babar "repeatedly told" Huma "that he will be able to convince the court that everything was seized illegally and as soon as he gets all property back he will immediately 'reimburse [Huma] the promised amount and the additional interest paid on the loan.'"

Huma maintains that these facts either "establish[ed] a lien" in her favor on the cash and devices or made her a "bonafide purchaser" of a right to them. She further asserts that "at no point" did she agree to be an unsecured creditor of Babar's. Huma's claims fail. Her petition for an ancillary hearing does not state a claim under 21 U.S.C. § 853(n).

---

[3] Moreover, the government invokes the civil notice-of-appeal deadline, thereby forfeiting the ability to contend that the criminal deadline governs. *See United States v. Collins*, 712 F. App'x 392, 395 (5th Cir. 2017) (per curiam) ("[T]he Government's brief expressly stated that this Court could consider this issue, forfeiting any untimeliness argument with respect to the motion to reconsider."); *see also United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007) (per curiam) (concluding that the criminal notice-of-appeal deadline is not jurisdictional and may be waived).

At all relevant times. the cash and devices were located in Texas. Therefore, whether Huma held a valid security interest in that property is governed by Texas law. TEX. BUS. & COM. CODE § 9.301(1)–(3). Where collateral is not in the possession or control of a purported secured party, a security interest cannot arise unless the parties execute a written security agreement, signed by the debtor, that contains a description of the collateral. *See id.* § 9.203(b)(3).

Huma has not demonstrated the existence of the necessary written security agreement to establish her as a secured creditor with a lien on the cash or devices. She did not attach a written, signed agreement to her petition for an ancillary hearing. Her petition asserted only an unsecured interest in the cash and devices, so she is merely an unsecured creditor.

Huma's status as an unsecured creditor determines her claims. Unsecured creditors generally lack standing to contest forfeiture of their debtor's property. *See United States v. Reckmeyer*, 836 F.2d 200, 205–06 (4th Cir. 1987). To prevail in a § 853(n) ancillary proceeding, a third-party petitioner must possess, or be a bona fide purchaser for value of, "a legal interest in property which has been ordered forfeited to the United States." 21 U.S.C. § 853(n)(2). An unsecured creditor cannot establish a legal right to "any particular piece of property" in the debtor's estate, *see Corpus*, 491 F.3d at 211, and therefore cannot satisfy § 853(n)'s requirement "that the interest exist in the property subject to forfeiture," *Reckmeyer*, 836 F.2d at 205.

For the same reasons that Huma cannot establish a secured interest in the specific cash or devices, she also cannot demonstrate that she is a "bona fide purchaser for value" of that property. She alleges no facts to support that she was a bona fide purchaser of the specific seized property. Accordingly, the district court properly rejected Huma's petition for an ancillary hearing.

No. 18-20131

B.

Salahuddin likewise challenges the denial of his petition for an ancillary hearing, averring that the court "erred in determining that [he] is an unsecured creditor." In his petition, Salahuddin claims that he and Babar executed a Collateralized Inventory Loan on August 1, 2014, which he attached as supporting evidence. The loan agreement provides that Salahuddin will lend Babar up to $400,000 "for the purchase of INVENTORY i.e. (i) Cell phones, (ii) IPads, (iii) Mac Books (iv) Computers and (v) other electronic devices." It also states that Babar "grants a first priority lien on, and security interest in and to all of" that inventory, "whether now owned or hereafter acquired, now existing or hereafter created and wherever located" to Salahuddin.

Salahuddin asserts on these facts that "any funds or inventory . . . seized from . . . Babar . . . [is] under lien," so he is a secured creditor with a priority lien on the cash and devices. Though Salahuddin's claims regarding the cash do not establish that he has an interest in that property superior to that of the United States, he has alleged sufficient facts at this stage to establish a facially valid third-party claim to the devices. He is entitled to an ancillary proceeding regarding his interest therein.

First, Salahuddin repeatedly invokes forfeiture terms and procedures in maintaining that he has an interest in the cash. The cash, however, was not forfeited. After being seized from Babar, it was held in the possession of the U.S. Marshals Service and then ordered to be turned over and applied to Babar's restitution debt under the United States' restitution lien that arose under 18 U.S.C. § 3613(c) on the entry of judgment. Salahuddin contends that he properly alleged a security interest in the district court and asserts that "first in time is first in right," implying that his interest in the cash is senior, but this line of reasoning misses the mark. The cash was not forfeited, and

7

thus the procedures in § 853(n) and Rule 32.2(c) are inapplicable.  Salahuddin presents no persuasive allegation that he has a priority claim to the cash senior to the restitution lien of the United States.

Nevertheless, second, Salahuddin has adequately alleged a secured interest in the devices.  His claims in his petition, as supported by the attached Collateralized Inventory Loan, support that he has a security interest in those devices because the loan agreement (1) exchanged value, (2) indicated that Babar had rights in the electronic devices he was purchasing, and (3) described, in a written agreement purporting to bear Babar's signature, the property serving as collateral.  *See* TEX. BUS. & COM. CODE § 9.203(b).  Thus, Salahuddin's petition contained sufficient facts to assert a facially plausible claim that he had a legal interest in the devices.  *See* 21 U.S.C. § 853(n)(6).

We therefore VACATE the denial of Salahuddin's petition for an ancillary hearing as to the devices and REMAND for further proceedings as needed. In all other respects, the judgment is AFFIRMED.  We express no limit on what actions the district court can take on remand or on the ultimate merits of any issue.