# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2020

Lyle W. Cayce
Clerk

No. 20-60800
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES EDWARD GOWDY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC 3:08-CR-167-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

James Edward Gowdy appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons below, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60800

Gowdy is currently serving a 210-month prison sentence for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). He moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in district court, arguing that he was at high risk of death due to COVID-19. Under § 3582(c)(1)(A)(i), a court may reduce a defendant's sentence if the defendant "has fully exhausted all administrative rights" and "extraordinary and compelling reasons warrant such a reduction." The district court denied Gowdy's motion without prejudice because Gowdy failed to satisfy the exhaustion requirement. Gowdy then satisfied the exhaustion requirement and moved for reconsideration of his motion for compassionate release. The district court denied Gowdy's motion, holding that Gowdy's medical conditions—hypertension and gastro-esophageal reflux disease ("GERD")—were not sufficiently extraordinary or compelling to warrant a reduction in his sentence.[1]

The sole issue on appeal[2] is whether the district court erred in concluding that Gowdy's hypertension and GERD were not "extraordinary

---

[1] Gowdy also asserted age (45) as an extraordinary and compelling reason for compassionate release in the district court. But Gowdy abandoned that consideration on appeal (likely because there is no indication that age 45 is a particularly risky age when suffering from COVID-19), so we decline to consider it. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996).

[2] We consider the merits of Gowdy's appeal because the Government waived any timeliness issue in this criminal appeal by responding to the merits of Gowdy's motion for reconsideration and stating that we have jurisdiction over the proceeding on appeal. *See United States v. Butt*, 930 F.3d 410, 413 n.3 (5th Cir. 2019) (noting that the Government "forfeit[ed] the ability to contend a criminal deadline govern[ed]" after it invoked a civil deadline), *cert. denied sub nom. Salahuddin v. United States*, 140 S. Ct. 2655 (2020) (mem.); *see also United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007) (per curiam) (noting that the period for filing a timely notice of appeal in a criminal case is not jurisdictional and may be waived).

and compelling reasons" that warranted a sentence reduction.[3]  We review the district court's denial of Gowdy's motion for abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  A court abuses its discretion if it "bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *See id.* (quotation omitted).

Gowdy argues that COVID-19 and his medical conditions—hypertension and GERD—equate to "extraordinary and compelling reasons," as described in Sentencing Guidelines § 1B1.13 comment n.1(A)(ii).  That comment describes an extraordinary and compelling medical condition to include "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(A)(ii) (U.S. Sent'g Comm'n 2018).

Although there is an open question of whether § 1B1.13 applies to motions for compassionate release,[4] we need not decide that question today.  Assuming arguendo that Sentencing Guidelines § 1B1.13 applies, the district court did not abuse its discretion in denying compassionate release.  The district court, relying on information from the Centers for Disease Control, noted that while there has been some showing of correlation of hypertension

---

[3] We decline to consider Gowdy's new argument that his race is another consideration that warrants compassionate release because Gowdy failed to raise that argument in district court.  *See FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994).

[4] The Second, Sixth, and Seventh Circuits have held that § 1B1.13 does not apply because it was not revised after Congress made material changes to § 3582(c)(1)(A).  *See United States v. Brooker*, 976 F.3d 228, 235–37 (2d Cir. 2020); *United States v. Jones*, No. 20-3701, 2020 WL 6817488, *7–9 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, No. 20-1959, 2020 WL 6813995, *2 (7th Cir. Nov. 20, 2020).  But we have not yet answered this question.  *See, e.g.*, *United States v. McLin*, No. 1:17-CR-110-LG-RHW, 2020 WL 3803919, *2 (S.D. Miss. July 7, 2020), *appeal filed*, No. 20-60615 (5th Cir. July 14, 2020).

No. 20-60800

and severe illness from COVID-19, there is not proof of causation of increased risk. In any event, Gowdy's medical records show that he is taking medication to control his hypertension, and he failed to show that medicinally controlled hypertension is likely to cause severe illness from COVID-19. The court further noted GERD has not been identified as even potentially causing an increased risk.

Based on these findings, the district court concluded that Gowdy's medical conditions were not extraordinary or compelling. We hold that there was no clear error in the district court's assessment that Gowdy's medical conditions did not "substantially diminish[] the ability" for Gowdy "to provide self-care." U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)(ii). Accordingly, we AFFIRM.