# United States Court of Appeals for the Fifth Circuit

———————

No. 23-20513

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Arturo Garza, Jr.,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-298-1

———————

Before Ho, Duncan, and Oldham, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

We remanded this case to the district court to resentence Arturo Garza, Jr., after identifying two errors in his original sentence. During the resentencing proceeding, the district court dutifully implemented our decision. More relevant to this appeal, the court also took into account additional criminal convictions and sentences that had been entered against Garza since his original sentence. Garza contends that the district court erred by doing so—first, by misinterpreting U.S.S.G. § 4A1.1, which assigns criminal history points for each "prior" sentence of imprisonment, and

second, by exceeding the scope of our mandate. We disagree with both arguments and accordingly affirm.

## I.

Garza pleaded guilty to possessing a firearm as a felon. *See United States v. Garza*, 2023 WL 3918993, *1 (5th Cir. June 9, 2023). The district court sentenced him to 75 months imprisonment. *Id.* Garza appealed, claiming that the district court was wrong to apply (1) a four-level sentencing enhancement for possessing a firearm in connection with another felony offense, and (2) an elevated base offense level for possessing the firearm in close proximity to a large-capacity magazine. *Id.* at *1–2, 4.

This court agreed on both grounds. *Id.* at *4, 6. Our opinion concluded with the following mandate: "We VACATE Garza's sentence and REMAND to the district court for resentencing consistent with this opinion." *Id.* at *6. For the enhancement, our mandate meant what it said— Garza's sentence was vacated, and the case was remanded for resentencing. *Id.* at *4. For the base offense level, the opinion specifically remanded "with instructions to permit the Government to present additional evidence as to whether the firearm and magazine found in Garza's vehicle were compatible." *Id.* at *6. The accompanying judgment largely repeated the mandate from the opinion: "IT IS ORDERED and ADJUDGED that the sentence is VACATED, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court."

On remand, the parties and district court executed our mandate. The probation officer removed the enhancement from the presentence investigation report. And an evidentiary hearing revealed that the firearm and magazine were compatible. So the district court concluded that the elevated base offense level applied.

No. 23-20513

Here's the twist:  On the day of the hearing, the district court learned about additional criminal convictions that had been entered against Garza since his original sentencing.  Garza's intervening prison sentences added seven points to his criminal history score, thereby raising his criminal history category from Category III to Category VI.  Without those additional seven points, Garza would have faced a Guidelines range of 46 to 57 months imprisonment.  With them, his Guidelines range increased to 77 to 96 months.

Garza objected, claiming that consideration of his intervening sentences conflicted with the Sentencing Guidelines and exceeded the scope of our mandate.  The district court disagreed and accordingly sentenced Garza to 87 months imprisonment.  It then reduced his sentence to 75 months to account for time he already spent in federal custody.  Garza appealed once again.

## II.

Garza claims that, by taking his intervening convictions and sentences into account, the district court violated the Sentencing Guidelines, as well as exceeded the scope of our mandate.  We review these claims de novo.  *See United States v. Cortez-Gonzalez*, 929 F.3d 200, 203 (5th Cir. 2019); *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004).

## A.

First, Garza argues that the district court misinterpreted U.S.S.G. § 4A1.1 when it used his intervening sentences to increase his criminal history score.  We disagree.

Section 4A1.1 of the Guidelines assigns criminal history points for "each prior sentence of imprisonment."  U.S.S.G. § 4A1.1.  The question here is whether a "prior" sentence includes a sentence issued after the

3

original sentence but before a subsequent resentencing proceeding. The circuits are divided on this question.

Nothing in the text of § 4A1.1 forbids courts from considering intervening sentences. To the contrary, § 4A1.2(a)(1) directs district courts to count "*any* sentence previously imposed."

So we see no reason to depart from the majority of circuits, which interpret § 4A1.1 to include sentences imposed prior to resentencing. *See, e.g.*, *United States v. Hopper*, 11 F.4th 561, 574 (7th Cir. 2021); *United States v. Tidwell*, 827 F.3d 761, 763–64 (8th Cir. 2016); *United States v. Klump*, 57 F.3d 801, 803 (9th Cir. 1995); *United States v. Burke*, 863 F.3d 1355, 1359–60 (11th Cir. 2017).

Garza claims that 18 U.S.C. § 3742 supports the contrary view. That provision governs appellate review of sentencing decisions. When cases are remanded for resentencing under § 3742, district courts are required to apply the version of the Guidelines "in effect on the date of the previous sentencing of the defendant prior to the appeal." 18 U.S.C. § 3742(g)(1).

The implication is that, if § 3742 requires district courts on remand to apply the substantive law in effect at the time of the earlier sentencing proceeding, it must likewise consider the defendant's sentencing history at the time of the earlier sentencing proceeding. But nothing in § 3742 requires district courts to blind themselves to intervening developments in the defendant's criminal record.

## B.

Second, Garza claims that the district court violated the mandate rule. Again, we disagree.

The mandate rule requires courts to comply with the directives of a superior court on remand, and bars the re-litigation of issues expressly or implicitly resolved by the appellate court. *See Lee*, 358 F.3d at 321.

In the resentencing context, different circuits have adopted competing approaches to the mandate rule. Some circuits permit district courts to conduct a de novo resentencing hearing, except where the appellate court otherwise directs. *Id.* at 323 n.4 (citing *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997); *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992); *United States v. Ponce*, 51 F.3d 820, 826 (9th Cir. 1995); and *United States v. Smith*, 116 F.3d 857, 859 (10th Cir. 1997)). *See also United States v. Burke*, 863 F.3d 1355, 1159 (11th Cir. 2017).

Other circuits, by contrast, take a more "restrictive" approach, and limit district courts to "only those discrete, particular issues identified by the appeals court for remand." *Lee*, 358 F.3d at 321 (quoting *United States v. Matthews*, 312 F.3d 652, 658 (5th Cir. 2002)). *See, e.g.*, *United States v. Ticchiarelli*, 171 F.3d 24, 32–33 (1st Cir. 1999); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996); *United States v. Whren*, 111 F.3d 956, 960 (D.C. Cir. 1997).

Garza correctly observes that we share the First Circuit's restrictive approach to the mandate rule in the resentencing context. *See Lee*, 358 F.3d at 323 (citing *Ticchiarelli*, 171 F.3d at 32–33).

But even under our more restrictive approach to the mandate rule, district courts may address issues on remand that were not—and indeed, could not—"have been brought in the original appeal." *Id.* (emphasis and citation omitted).

That's exactly the case here. Garza's intervening sentences did not exist at the time of his original sentencing. So the government could not have raised them in his initial appeal as grounds for increasing his criminal history

score.  (The Sentencing Guidelines do not assign criminal history points based on mere charges.  *See* U.S.S.G. § 4A1.1.)

So our mandate did not prohibit the district court from considering Garza's intervening sentences on remand.  To the extent the First Circuit suggests otherwise, we disagree.

## C.

Finally, Garza invokes the rule of lenity and claims that any ambiguities in either the Sentencing Guidelines or our mandate should be construed in his favor.

It is not obvious, though, that the rule of lenity even applies to the Sentencing Guidelines.  *See*, *e.g.*, *United States v. Smith*, 977 F.3d 431, 435–36 (5th Cir. 2020) ("it appears the rule of lenity no longer applies to the purely advisory Guidelines").  And even if it does, the rule of lenity does not warrant relief, because neither the Guidelines nor our mandate are ambiguous.

\* \* \*

We affirm.