# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10202

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN DEAN DAVIS,

*Defendant—Appellant*,

CONSOLIDATED WITH

———————

No. 24-10793

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN DEAN DAVIS,

*Defendant—Appellant*,

RETAIL READY CAREER CENTER, INCORPORATED,

*Movant—Appellant*.

---

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-575-1

---

Before SMITH and RICHMAN, *Circuit Judges*.[1]

PER CURIAM:[2]

A jury convicted Jonathan Davis of numerous counts of wire fraud and money laundering related to his scheme to defraud the Veterans Administration. The district court ordered Davis to forfeit the proceeds of his offenses. This court vacated the forfeiture order and ordered a limited remand. *United States v. Davis* ("*Davis I*"), 53 F.4th 833 (5th Cir. 2022). Now satisfied with the forfeiture order, we affirm.

## I.

As we previously recounted, *see id.* at 840–42, Davis was the founder and sole shareholder of Retail Ready Career Center ("RRCC"), a for-profit HVAC trade school. Most students were veterans who used GI-Bill funds to pay tuition. To secure VA approval, Davis submitted false financial statements, misrepresented RRCC's qualifications, and deceived student-veterans about benefit use and job prospects. RRCC received about $72 million in VA funds over six years.

A jury convicted Davis on multiple counts of wire fraud and money laundering in violation of 18 U.S.C. §§ 1343 and 1957 but acquitted him of aggravated identity theft. The district court entered a preliminary order of

---

[1] Judge DENNIS was a member of the panel that heard this case but took inactive status after the case was submitted. This matter is decided by a quorum under 28 U.S.C. § 46(d).

[2] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

forfeiture, including a $72.5 million money judgment, sentenced Davis to 235 months' imprisonment, and ordered $65.2 million in restitution.

In *Davis I*, 53 F.4th at 833, we vacated the forfeiture order after concluding that the district court had applied the wrong statutory definition of "proceeds." While affirming in all other respects, we remanded for the limited purpose of determining whether Davis could show any offset for "direct costs" under 18 U.S.C. § 981(a)(2)(B). *Id.* at 854.

While *Davis I* was pending, RRCC initiated an ancillary proceeding in the district court per Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853, claiming an interest in the property to be forfeited. RRCC argued that it, not Davis, was owner of the bank-account funds. The government moved to dismiss the ancillary proceeding for failure to state a claim. The district court granted the motion, determining that RRCC did not have an interest in the criminal proceeds as a matter of law. The district court further denied RRCC leave to amend its petition.

On remand, the district court entered two final forfeiture orders and a $19.2 million forfeiture money judgment, reducing the total based on allowable offsets. Davis and RRCC appeal those orders and judgments.

## II.

"In evaluating a district court's disposition of a[n] [ancillary] petition filed under 21 U.S.C. § 853(n), we review factual findings for clear error and legal conclusions de novo." *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 683 (5th Cir. 2013). "[T]he facts set forth in the [third-party] petition are assumed to be true," and "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). A district court properly dismisses a third-party petition that fails to state a claim under § 853(n)(6). *United States v. Butt*, 930 F.3d 410, 412–13 (5th Cir. 2019). We

review *de novo* the denial of leave to amend solely based on futility. *United States v. Lamid*, 663 F. App'x 319, 325 (5th Cir. 2016).

Whether the mandate rule applies is a "question[] of law that this court reviews de novo." *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004). Otherwise, we "review the district court's findings of fact pertaining to a forfeiture order 'under the clearly erroneous standard,' and 'the question of whether those facts constitute legally proper forfeiture de novo.'" *United States v. Ayika*, 837 F.3d 460, 468 (5th Cir. 2016) (quoting *United States v. Juluke*, 426 F.3d 323, 326 (5th Cir. 2005) (per curiam)). "This court reviews the constitutionality of a forfeiture judgment de novo, while factual findings related to the excessiveness inquiry are reviewed for clear error." *United States v. Suarez*, 966 F.3d 376, 385 (5th Cir. 2020).

### III.

### A.

The first question is whether Davis has standing to appeal the *final* forfeiture orders after *Davis I* vacated the *preliminary* one. The government says no; we disagree.

A defendant ordinarily cannot appeal a final forfeiture order because his interest in the property ends when the preliminary order is entered. *See United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001). Once that happens, the final order concerns only third-party claims. *See United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011) (per curiam).

But *Davis I* vacated the sole preliminary order of forfeiture, 53 F.4th at 854, and the district court never entered a replacement before issuing the final orders.[3] Without a valid preliminary order, Davis's interest in the prop-

---

[3] The district court erred by entering the final orders of forfeiture without first

23-10202
c/w No. 24-10793

erty was never extinguished.  Because Davis retained an interest in the property, he has standing to challenge the final forfeiture orders.[4]

## B.

On the merits, Davis and RRCC challenge the forfeiture orders on the following bases: (1) that the district court erred in dismissing RRCC's third-party petition without granting the "statutorily required hearing" or leave to amend its complaint; (2) that the district court erred in entering the final forfeiture orders, including the forfeiture money judgment; and (3) that the money judgment is an excessive fine in violation of the Eighth Amendment. We address each issue seriatim.

### 1.

The district court did not err by dismissing RRCC's third-party petition "without providing the statutorily required evidentiary hearing" or leave to amend its complaint.

A third-party must satisfy the provisions of § 853(n) to claim a superior interest in forfeited property. Under § 853(n)(2), third parties may,

---

issuing preliminary orders. *United States v. Marquez*, 685 F.3d 501, 510 (5th Cir. 2012). *But see McIntosh v. United States*, 601 U.S. 330, 344 (2024) ("A district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture."); *United States v. Lee*, 77 F.4th 565, 582 (7th Cir. 2023); *United States v. Farias*, 836 F.3d 1315, 1329-30 (11th Cir. 2016). Harmless error review applies. *McIntosh*, 601 U.S. at 338. The error was harmless because Davis cannot show his substantial rights were affected by the failure to enter a preliminary order of forfeiture. He does not establish "a reasonable probability that any forfeiture imposed would have been less than" what the district court eventually ordered. *United States v. Omigie*, 977 F.3d 397, 404 (5th Cir. 2020).

[4] Other circuits have reached the same conclusion where a preliminary forfeiture order was absent or vacated. *See United States v. Petlechkov*, 72 F.4th 699, 705–06 (6th Cir. 2023) (recognizing that a new provision in the final order affected a property interest that had not been extinguished); *United States v. De La Mata*, 535 F.3d 1267, 1272, 1276–77 (11th Cir. 2008) (failure to enter preliminary order at sentencing permitted standing to contest final order).

within thirty days of a published notice "petition the court for a hearing to adjudicate the validity of [their] alleged interest in the property." 21 U.S.C. § 853(n)(2). There are two ways for a petitioner to assert a superior interest in the property under the statute, but RRCC only claims the first:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section;

*Id.* § 853(n)(6)(A). "If a third party is unable to satisfy . . . § 853(n)(6)(A) . . . it cannot prevail in the ancillary proceeding." *Holy Land*, 722 F.3d at 684–85.

RRCC cannot show it had a superior interest to Davis at the time of the crimes' commission. 21 U.S.C. § 853(n)(6)(A). Businesses do not acquire a superior interest over proceeds where the deposit occurs after commission of the crimes. *United States v. Hyunh*, 595 F. App'x 336, 340 (5th Cir. 2014) (explaining that the "acts which gave rise to the forfeiture" occurred before the deposit into the business bank account). Davis necessarily deposited the funds into the RRCC accounts after the offense occurred. Because RRCC cannot show that it had an interest in the funds before Davis's offense, the district court correctly dismissed the petition. *See id.* We need not take as true RRCC's conclusory statements otherwise. *Butt*, 930 F.3d at 413 (explaining that the standard of Federal Rule of Civil Procedure Rule 12(b)(6) applies to the pleading-stage dismissal of an ancillary petition).

And for the reasons explained above, any amendment by RRCC would be futile. RRCC cannot, as a matter of law, prove that its interest was "superior to any right, title, or interest of the defendant at the time of the

commission of the acts." 21 U.S.C. § 853(n)(6)(A); *Huynh*, 595 F. App'x at 340. Thus, there "is no basis under 21 U.S.C. § 853(n) for [RRCC] to establish [its] interest in the forfeited property." *Holy Land*, 722 F.3d at 685.

2.

Appellants' challenges to the district court's calculation of proceeds and the final orders of forfeiture are barred by the mandate rule.

The mandate rule "requires courts to comply with the directives of a superior court on remand and bars the re-litigation of issues expressly or implicitly resolved by the appellate court." *United States v. Garza*, 127 F.4th 954, 957 (5th Cir. 2025), *cert. denied*, 2026 U.S. LEXIS 356 (U.S. Jan. 12, 2026) (No. 24-7396). We take a "'restrictive' approach to the mandate rule" and "limit district courts to 'only those discrete, particular issues identified by the appeals court for remand.'" *Id.* (quoting *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004)); *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998) ("[T]he resentencing court can consider whatever this court directs—no more, no less.").

The rule has some limits. It is "discretionary," and we may "decline to address the applicability of the mandate rule" and "proceed to the merits." *United States v. Stanford*, 883 F.3d 500, 505 (5th Cir. 2018). The mandate rule further provides an exception for "issues on remand that were not—and indeed, could not—'have been brought in the original appeal.'" *Garza*, 127 F.4th at 957 (quoting *Lee*, 358 F.3d at 323).

Davis seeks to relitigate the top-line number for proceeds and to challenge the forfeiture of specific property on various grounds. But those challenges are barred by the mandate rule. *Davis I* remanded for "the limited purpose of determining whether Davis can prove any offset under the terms of § 981(a)(2)(B)." 53 F.4th at 854. It otherwise left the top-line figure calculated as "proceeds" undisturbed. *Id.* at 852 (accepting the top-line figure

23-10202
c/w No. 24-10793

of $72 million in tuition payments from the VA). The panel also recognized that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation [of wire fraud]" is subject to forfeiture. *Id.* (citing 18 U.S.C. § 981(a)(1)(C)). Davis's argument that "[n]o property outside of RRCC's bank accounts" constitutes the "proceeds" is contrary to *Davis I* and the plain language of 18 U.S.C. § 981(a)(2)(B) and falls outside the scope of our remand.[5]

3.

Finally, we reject Davis's Eighth Amendment challenge to the $19.2 million money judgment.[6]

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. In challenging the money judgment, Davis relies on the Supreme Court's recognition that a forfeiture *may* be "subject to the Excessive Fines Clause" and violates the Eighth Amendment if the forfeiture "is grossly disproportional to the gravity of [the defendant's] offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

But *Bajakajian* involved the forfeiture of the defendant's personal currency, which the Court held "constitut[ed] [a] punishment" as a fine—not criminal proceeds obtained from unlawful conduct. *Id.*; *see also United States v. Betancourt*, 422 F.3d 240, 250 n.5 (5th Cir. 2005). Because "the forfeiture of . . . proceeds does not constitute punishment," the Eighth Amendment

---

[5] The government argues that Davis's challenges to the top-line proceeds figure under *Honeycutt v. United States*, 581 U.S. 443 (2017), are also barred by the mandate rule. We agree.

[6] Despite the Government's contention that this issue is barred by the mandate rule, we address it because it challenges a "new" money judgment. *See Garza*, 127 F.4th at 957.

8

prohibition of excessive fines is inapplicable. *Id.* at 250 (quoting *United States v. Buchanan*, 70 F.3d 818, 830 n.12 (5th Cir. 1995)) (drug proceeds); *United States v. Rellan Perez*, No. 24-50191, 2025 WL 1157550, at *1 (5th Cir. Apr. 21, 2025) (per curiam) (unpublished) (proceeds from a conspiracy to transport illegal aliens).

The $19.2 million judgment is not a "punishment" for purposes of the Eighth Amendment. The "proceeds" of Davis's offense, or the $19.2 million figure, is derived from the $72.5 million in VA tuition payments to RRCC, less the calculated offset, that Davis obtained from his unlawful conduct. *Betancourt*, 422 F.3d at 250. The money judgment reflects forfeiture of "money that [Davis] had no right to in the first place" as a result of his scheme to defraud the VA. *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001). Thus, the judgment is not subject to the Excessive Fines Clause. *United States v. Haro*, 753 F. App'x 250, 259 n.3 (5th Cir. 2018). Davis's Eighth Amendment challenge fails.

AFFIRMED.