RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0222p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

No. 13-2243

JOSEPH STEPHEN FABIAN,

*Defendant*,

JERRY A. MAIS, Individually and as Trustee of the Mais Family Trust and the Jerry A. Mais Revocable Trust,

*Interested Party-Appellant*,

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:11-cr-00157—Janet T. Neff, District Judge.

Argued:  July 31, 2014

Decided and Filed:  September 4, 2014

Before:  SILER and KETHLEDGE, Circuit Judges; WATSON, District Judge.[*]

_____

**COUNSEL**

**ARGUED:**  Sharon Lynn McWhorter, Portage, Michigan, for Appellants.  Joel S. Fauson, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.  **ON BRIEF:**  Sharon Lynn McWhorter, Portage, Michigan, for Appellants.  Joel S. Fauson, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

———————————

**OPINION**

———————————

KETHLEDGE, Circuit Judge.  Joseph Fabian pled guilty to wire fraud and agreed to forfeit property equal in value to the proceeds thereof.  A third party named Jerry Mais filed a petition to contest the forfeiture, claiming that certain property (in which Mais asserted a "legal interest") lacked any "nexus" to Fabian's fraud.  The district court dismissed the petition on the ground that Mais lacked statutory standing to challenge the court's determination that the property at issue was subject to forfeiture.  We affirm.

Fabian was a financial advisor.  Instead of placing his clients' money in legitimate investments, however, Fabian diverted millions of dollars to several companies and trusts that he controlled.  Fabian thereafter pled guilty to wire fraud in violation of 18 U.S.C. § 1343.  He also agreed to criminal forfeiture pursuant to 21 U.S.C. § 853.

Under § 853(a), a defendant "shall forfeit . . . any property constituting, or derived from, any proceeds" of certain crimes, including wire fraud.  If, by some act by the defendant, the government cannot locate specific property that is subject to forfeiture—for example, fraud proceeds that the defendant has already spent—the court "shall order the forfeiture" of "substitute property" in which the defendant has an ownership interest.  *Id.* § 853(p).  Once the court determines all of the property that is subject to forfeiture, "it must promptly enter a preliminary order of forfeiture" to that effect.  Fed. R. Crim. P. 32.2(b)(2)(A).  Then the government must publish the preliminary order and send notice to third parties who the government has reason to think might have an interest in the property to be forfeited.  Fed. R. Crim. P. 32.2(b)(6)(A).

Fabian agreed to forfeit $4.8 million in property here.  First he returned about one million dollars to his victims, leaving a balance of $3.8 million.  After the United States Marshals inventoried his property, the district court entered a "Second Amended Preliminary Order of Forfeiture for Substitute Assets."  That order listed—as substitute property subject to forfeiture—12 parcels of real property and more than 800 items of personal property, including

an extensive collection of military trucks and related equipment. The same day, the court sentenced Fabian to 92 months' imprisonment.

Per Rule 32.2, the government sent notice of the pending forfeiture to third parties who might have an interest in the forfeitable property. One of those third parties was Jerry Mais, a victim of the fraud and a member of some of the companies that Fabian controlled. Mais thereafter filed a petition under § 853(n), asserting that he had a "legal interest" in some of the real property described in the forfeiture order, which Mais alleged was not subject to forfeiture in the first place. The district court dismissed Mais's petition and entered a final order of forfeiture. We review the dismissal of Mais's petition de novo. *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009).

Mais's principal argument before us is the same one he made in the district court: that the properties recited in his petition lacked any "nexus" to Fabian's fraud, and thus were not subject to forfeiture. But that argument is not Mais's to make. By way of background, Congress has expressly limited the extent to which third parties (like Mais) can participate in the forfeiture process. Specifically, under § 853(k), a third party "claiming an interest in property subject to forfeiture" cannot "intervene in a trial or appeal of a criminal case involving forfeiture of such property." 21 U.S.C. § 853(k)(1). Nor can third parties file a separate lawsuit to assert their interest in forfeitable property. *Id.* § 853(k)(2). And the district court "must enter" its preliminary order of forfeiture "without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A).

Instead, "the sole avenue for a third party to assert an interest in forfeitable property" is a so-called "ancillary proceeding" under § 853(n). *United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012) (emphasis omitted). And § 853(n) allows a third party to obtain relief on only two grounds: first, that its interest in forfeitable property "was superior" to the defendant's interest in the property "at the time of the commission of the acts which gave rise to the forfeiture"; or second, that the third party was a "bona fide purchaser for value[.]" § 853(n)(6)(A), (B); *see also United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331 (6th Cir. 2009).

By its plain terms, therefore, § 853(n) does not permit "relitigation" of the district court's antecedent determination that an item of property is subject to forfeiture. Fed. R. Crim. P. 32.2, Advisory Comm. Notes. That determination, rather, is one from which Congress has excluded third parties altogether. Thus, like every circuit to have reached the issue, we hold that third parties lack statutory standing to challenge a district court's determination, in a preliminary order entered under Criminal Rule 32.2(b)(2), that certain property is subject to forfeiture. *Accord United States v. Holy Land Foundation for Relief & Dev.*, 722 F.3d 677, 690 (5th Cir. 2013) (citing cases from the Second, Eighth, Tenth, and Eleventh Circuits). Mais therefore cannot challenge the preliminary order of forfeiture here.

Section 853(n) does allow Mais to claim that his interests in the subject properties are superior to Fabian's. But Mais has not pleaded such a claim. Section 853(n)(3) provides that a third-party petition "shall set forth[,]" among other things, "the nature and extent of the petitioner's right, title, or interest in the property" and "the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property[.]" Mais's petition sets forth none of that information. Instead it asserts only a conclusory "legal interest' in the properties, which even Mais concedes does not meet the requirements of § 853(n)(3). Hence the district court properly dismissed his petition.

The district court's judgment is affirmed.