**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee*,

             v.

101 HOUSECO, LLC,
             *Intervenor-Appellant*,

JAMES HOUSE,
                      *Defendant.*

No. 18-10305

D.C. No.
3:14-cr-00329-
SI-1

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee*,

             v.

101 HOUSECO, LLC,
             *Intervenor-Appellant*,

DAVID LONICH,
                      *Defendant.*

No. 18-10370

D.C. No.
3:14-cr-00139-
SI-2

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>101 HOUSECO, LLC,<br>*Intervenor-Appellant*,<br><br>v.<br><br>DAVID LONICH,<br>*Defendant.* | No. 19-10043<br><br>D.C. No.<br>3:14-cr-00139-<br>SI-2<br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 10, 2021
San Francisco, California

Filed January 10, 2022

Before:  Andrew D. Hurwitz and Daniel A. Bress, Circuit
Judges, and Clifton L. Corker,* District Judge.

Opinion by Judge Bress

---

* The Honorable Clifton L. Corker, United States District Judge for
the Eastern District of Tennessee, sitting by designation.

# SUMMARY**

### Criminal/Forfeiture

The panel affirmed the district court's dismissal of Intervener 101 Houseco, LLC's ancillary petitions challenging the district court's forfeiture order in two criminal cases, asserting that the criminal defendants lacked a forfeitable interest in the property.

The panel considered whether a third party may raise such a challenge or whether it is limited to arguing under 21 U.S.C. § 853(n)(6) that it has a superior interest in the property or was a bona fide purchase for value. The panel held that a third party in a criminal forfeiture proceeding may not relitigate the antecedent forfeitability question, but is instead restricted to the two avenues for relief that § 853(n)(6) confers. The panel further held that § 853(n)(6) does not violate 101 Houseco's procedural due process rights. The panel explained that if 101 Houseco had a valid interest in the property, § 853(n)(6) provided it the means to vindicate that interest, but because 101 Houseco was created to perpetuate a fraud, § 853(n)(6) provides it no relief.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

John D. Cline (argued), Law Office of John D. Cline, San Francisco, California, for Intervenor-Appellant.

Francesco Valentini (argued), Trial Attorney; Matthew S. Miner, Deputy Assistant Attorney General; Brian A. Benczkowski, Assistant Attorney General; Criminal Division, Appellate Section, United States Department of Justice, Washington, D.C.; Adam A. Reeves, Robert David Rees, and David B. Countryman, Assistant United States Attorneys; David L. Anderson, United States Attorney; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

**OPINION**

BRESS, Circuit Judge:

101 Houseco, LLC intervened in two criminal cases to challenge the district court's forfeiture order, asserting that the criminal defendants lacked a forfeitable interest in the property. The principal question we consider is whether a third party may raise such a challenge or whether it is limited to arguing under 21 U.S.C. § 853(n)(6) that it has a superior interest in the property or was a bona fide purchaser for value.

We hold—agreeing with every circuit to have considered this question—that a third party in a criminal forfeiture proceeding may not relitigate the antecedent forfeitability question, but is instead restricted to the two avenues for relief that § 853(n)(6) confers. We further hold that § 853(n)(6) does not violate 101 Houseco's procedural due

process rights.  If 101 Houseco had a valid interest in the property, § 853(n)(6) provided it the means to vindicate that interest.   But, because 101 Houseco was created to perpetuate a fraud, § 853(n)(6) provides it no relief.  We thus affirm the dismissal of 101 Houseco's ancillary petitions.

I

David Lonich, James House, and others were involved in a complex fraud scheme designed to secure title to Park Lane Villas East (PLV East), a real-estate development in Sonoma County, California.[1]   Bijan Madjlessi, a now-deceased real-estate developer, originally owned the property, which was secured through a construction loan of more than $30 million from IndyMac, a financial institution.

After Madjlessi defaulted on the IndyMac loan, he and Lonich (Madjlessi's lawyer) came up with a plan to regain control of PLV East.  IndyMac was in FDIC conservatorship and the FDIC was auctioning off the loan.  But FDIC rules prohibited Madjlessi from bidding on his own defaulted note.  To get around this, Lonich and Madjlessi had a straw buyer bid on the loan and then covertly return PLV East back to Madjlessi's control.

Madjlessi owed James House over $200,000 for contracting work performed at PLV and other projects. Madjlessi and Lonich arranged for House to act as the straw

---

[1] In a concurrently filed opinion and memorandum disposition in *United States v. Lonich*, No. 18-10298 (9th Cir. 2021), we address challenges to three defendants' convictions and sentences arising from some of the same fraudulent activity at issue here.  Our *Lonich* opinion contains a more detailed recitation of the fraudulent schemes.

buyer for PLV East; in return, Madjlessi agreed to pay House the money he owed him.

To carry out the scheme, Lonich created 101 Houseco as an LLC with two members: House owned 80.1% and 101 Park Lane, LLC—an LLC held by House but controlled by Lonich—owned the remaining 19.9%. Madjlessi and Lonich then conspired with Sean Cutting and David Melland, officers at Sonoma Valley Bank (SVB), to assist House in securing a fraudulent loan for 101 Houseco.

Lonich arranged for House to submit false documentation in the FDIC auction process certifying that Madjlessi was not involved in the bid. 101 Houseco then used the SVB loan to bid at the auction. After 101 Houseco prevailed at the auction, it foreclosed on the Madjlessi note and acquired clear title to PLV East.

Despite House being 101 Houseco's owner on paper, the 101 Houseco operating agreement gave Lonich actual control over that entity. Lonich exclusively controlled 101 Houseco's bank accounts and any funds that PLV East generated. Lonich also could appoint, fire, and replace 101 Houseco's members and managers. Lonich used that power to appoint himself 101 Houseco's sole manager. And even after he was convicted on federal criminal charges, Lonich continued to receive monthly payments from revenue generated by PLV East.

After House pleaded guilty and a jury separately convicted Lonich, Cutting, and Melland of various federal crimes, the district court entered a preliminary order forfeiting PLV East. *See* Fed. R. Crim. P. 32.2(b). The court ordered the government to provide sufficient public notice of both the order and the anticipated sale of the property. 101 Houseco then filed third party petitions opposing the

forfeiture in both criminal proceedings, arguing that neither Lonich nor House owned PLV East.[2]

The district court rejected 101 Houseco's petitions. Noting that "there was considerable evidence that Lonich and Madjlessi created 101 Houseco, LLC in order to carry out the fraud and the money laundering," the district court found that House and Lonich had forfeitable interests in PLV East because 101 Houseco was a sham entity, and its corporate form should therefore be disregarded. The court determined that House had a forfeitable interest through his legal ownership of PLV East during the relevant time frame, and that Lonich had a forfeitable interest because he exercised control over the property.

After rejecting 101 Houseco's ancillary petitions, the district court entered final forfeiture orders in both cases. 101 Houseco now appeals. The district court stayed the sale of PLV East pending the resolution of these consolidated appeals.

II

In considering ancillary criminal forfeiture proceedings, we review "the district court's findings of fact for clear error and its legal conclusions *de novo*." *United States v. Nava*, 404 F.3d 1119, 1127 n.3 (9th Cir. 2005). The district court dismissed 101 Houseco's petitions on the merits because it found that House and Lonich had forfeitable interests in PLV East. It did not address the government's threshold

---

[2] It is unclear who currently owns 101 Houseco. As the district court noted, "101 Houseco has . . . been unable or unwilling to clearly identify who presently owns" that entity.

argument that 101 Houseco could not challenge forfeitability in a third party proceeding.

We may affirm the district court on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We do so here, holding that 101 Houseco could only challenge the forfeiture order on the grounds that 21 U.S.C. § 853(n)(6) permits, namely, that 101 Houseco had either a superior or bona fide interest in the forfeited property. As a third party in a criminal forfeiture proceeding, 101 Houseco could not relitigate whether the defendants had a forfeitable interest in the property.

## A

"Criminal forfeiture statutes empower the Government to confiscate property derived from or used to facilitate criminal activity." *Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017). For House's and Lonich's crimes of conviction, the government may seek forfeiture of criminally obtained proceeds. *See* 18 U.S.C. § 982. In that circumstance, a district court "shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." *Id.* § 982(a)(2). Forfeitable property "vests in the United States upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c).

The Federal Rules of Criminal Procedure and 21 U.S.C. § 853 provide the procedural framework for criminal forfeiture. *See* 18 U.S.C. § 982(b)(1). The district court must first "determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). "If the government seeks forfeiture of

specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." *Id.* If the district court concludes "that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture." *Id.* 32.2(b)(2)(A). At that point, "the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." *Id*. 32.2(b)(6)(A); *see also* 21 U.S.C. § 853(n)(1).

A third party may not challenge the forfeiture order in the preliminary forfeiture proceedings or through a separate lawsuit. Under 21 U.S.C. § 853(k), and "[e]xcept as provided in subsection (n)"—of which we will have more to say in a moment—"no party claiming an interest in property subject to forfeiture under this section" may "(1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property." Consistent with the statutory text, the Federal Rules specify that a district court must enter its preliminary forfeiture order "without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A).

A third party wishing to challenge a district court's criminal forfeiture order must do so in an ancillary proceeding under 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c). *See United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) ("The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property."). A third party may obtain relief in such an ancillary proceeding on limited grounds:

If, after [a] hearing, the court determines that the petitioner has established by a preponderance of the evidence that—

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6). In other words, a third party may only show it is the "'rightful owner[]' of forfeited assets." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 629 (1989).

B

101 Houseco argues, as it did below, that House and Lonich never sufficiently owned PLV East, so the district court could not order the property forfeited as obtained

through the proceeds of their offenses. Effectively, 101 Houseco seeks to invalidate the district court's original forfeiture order, with the result that ownership of PLV East would presumably remain with 101 Houseco. The problem, however, is that this "argument is not [101 Houseco's] to make." *United States v. Fabian*, 764 F.3d 636, 637 (6th Cir. 2014).

101 Houseco must have statutory standing to bring its claim. The question is thus whether 101 Houseco has a right of action—a legally recognized remedial right—to obtain the relief it seeks. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125, 127–28 & n.4 (2014). A statute or some other source of law must give a petitioner the right to sue to redress his claimed injury. *See id.* at 128–29. Here, the only possible basis for 101 Houseco's claim is statutory. To answer whether 101 Houseco has statutory standing, we therefore employ "traditional principles of statutory interpretation" to determine whether Congress provided 101 Houseco a right of action to challenge the underlying forfeiture order. *Id.* at 128. It did not.

We read statutes (and the Federal Rules) in their most natural sense and as parts of a broader whole. *See, e.g.*, *Sturgeon v. Frost*, 136 S. Ct. 1061, 1070 (2016) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." (quoting *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012)); *United States v. Petri*, 731 F.3d 833, 839 (9th Cir. 2013) ("Because the Federal Rules of Criminal Procedure, once effective, have the force and effect of law . . . we apply 'traditional tools of statutory construction' to interpret them." (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 163 (1988)).

Here, the statutory scheme is clear, providing that a third party may not challenge a forfeiture order "*[e]xcept as provided in subsection (n)*." 21 U.S.C. § 853(k) (emphasis added). And § 853(n) provides but two grounds under which a third party can seek amendment of a criminal forfeiture order: (1) the third party has a superior interest in the property at the time of the commission of the wrongful acts; or (2) it was a bona fide purchaser for value at the time of the purchase. *Id.* § 853(n)(6). The clear design of Congress's scheme is that a third party may challenge a criminal forfeiture order only on these two bases.

That is consistent with the Federal Rules of Criminal Procedure. Those Rules similarly require the district court to enter a preliminary forfeiture order "without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A). And they require that a district court's determination "whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding," *id.*, "*as prescribed by statute*," Fed. R. Crim. P. 32.2(c)(1) (emphasis added).

In harmony with the statutory provisions, the Federal Rules thus direct that a third party is limited to those challenges that Congress has allowed. And Congress has allowed only two such challenges, which do not include a claim that the property was not forfeitable in the first place. An ancillary proceeding "does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property." Fed. R. Crim. P. 32.2, Advisory Comm. Notes (2000).

Although we have not previously addressed this precise question, our precedents strongly forecast the conclusion. In *United States v. Hooper*, 229 F.3d 818 (9th Cir. 2000), we

stated that "[t]he criminal forfeiture statute . . . protects *only* two types of transferees of forfeitable property: bona fide purchasers and those whose interest in the property antedated the crime." *Id.* at 822 (emphasis added). Several years later, in *United States v. Nava*, 404 F.3d 1119 (9th Cir. 2005), we similarly explained that "[t]he petitioner [in an ancillary proceeding] may prevail *only upon showing*, by a preponderance of the evidence, that he possessed a vested or superior legal right, title, or interest in the property at the time the criminal acts took place, or that he was a bona fide purchaser for value." *Id.* at 1125 (emphasis added). Then, in *United States v. Liquidators of European Federal Credit Bank*, 630 F.3d 1139 (9th Cir. 2011), we observed that "[m]any legal sources . . . support the government's view" that "§ 853(n)(6) provides the *only* theories by which a third party may challenge the forfeiture: superior title and bona fide purchaser." *Id.* at 1147. Our holding today is in accord with our past statements on this issue.

Our holding is also in line with the other circuits to have addressed the question, all of which agree that § 853(n)(6) provides the exclusive grounds by which a third party may challenge a criminal forfeiture order. *See, e.g.*, *Fabian*, 764 F.3d at 638 (explaining that § 853(n) provides "the sole avenue for a third party to assert an interest in forfeitable property" and that "[b]y its plain terms, therefore, § 853(n) does not permit 'relitigation' of the district court's antecedent determination that an item of property is subject to forfeiture" (first quoting *United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012), then quoting Fed. R. Crim. P. 32.2, Advisory Comm. Notes (2000))); *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 689–90 (5th Cir. 2013) ("Section 853(n) provides only two avenues of relief in an ancillary proceeding, and both require a party to establish an ownership interest in the forfeited

[property] . . . . [A] third party has no standing to challenge a preliminary order's finding of forfeitability."); *United States v. Davenport*, 668 F.3d 1316, 1320–21 (11th Cir. 2012) (holding that third party "lacked standing to challenge the validity of the . . . determination of forfeitability," as "[h]er sole mechanism for vindicating her purported interest in the forfeited [property] was within the context of the ancillary proceeding described by § 853(n) and Rule 32.2(c)"); *United States v. Porchay*, 533 F.3d 704, 710 (8th Cir. 2008) (explaining that "there is no provision in § 853(n)" allowing a third party "to relitigate the outcome" of underlying forfeiture proceedings); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) ("[A] third party has no right to challenge the preliminary order's finding of forfeitability . . . ."); *DSI Assocs. LLC v. United States*, 496 F.3d 175, 185 (2d Cir. 2007) (explaining that third party challenges to criminal forfeiture orders "are forbidden by section 853(k) unless they fall within the exception carved out by section 853(n)").**[3]**

Turning now to the two grounds for relief that § 853(n)(6) affords third parties, it is clear 101 Houseco cannot prevail (and 101 Houseco does not argue otherwise). As the district court noted, 101 Houseco "does not contest" that it "was created to perpetrate the fraud in this case." It therefore cannot show a superior property interest "at the time of the commission of the acts which gave rise to the

---

**[3]** While some circuits have referred to this as a "standing" issue without further elaboration, the issue is one of statutory standing. *See Fabian*, 764 F.3d at 638. It is not a question of Article III standing, and the district court thus had subject matter jurisdiction to address 101 Houseco's petition. *See Lexmark*, 572 U.S. at 128 n.4 ("[T]he absence of a valid . . . cause of action does not implicate subject-matter jurisdiction." (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642–643 (2002))).

forfeiture of the property." 21 U.S.C. § 853(n)(6)(A); *see also Hooper*, 229 F.3d at 821–22 (observing that § 853(n)(6)(A) is "likely never to apply to proceeds of the crime" because a defendant's crimes "had to have been committed before there could be any proceeds resulting from them").

Nor was 101 Houseco a bona fide purchaser. A bona fide purchaser, at the time of the purchase, must not have reasonable cause "to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B). But 101 Houseco clearly had such reasonable cause. Lonich had knowledge of the fraud at the time it was perpetrated. And, as a 101 Houseco officer at the time, his knowledge is imputed to 101 Houseco. *See Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 939–40 (9th Cir. 2017) ("[A] principal is generally charged with notice of facts that an agent knows or has reason to know and that are material to her duties as an agent.").

## III

101 Houseco protests that interpreting § 853(n) to prohibit it from challenging the forfeitability of PLV East violates its procedural due process rights under the Fifth Amendment. That argument is unavailing.

The Supreme Court has already rejected a similar argument. In *Libretti v. United States*, 516 U.S. 29 (1995), the defendant argued that, before accepting a guilty plea, the district court must make a factual inquiry into the basis for the forfeiture order. *Id.* at 37–38. Such an inquiry, he argued, was "essential to preserving third-party claimants' rights" because a "defendant who has no interest in particular assets . . . will have little if any incentive to resist forfeiture of those assets, even if there is no statutory basis

for their forfeiture." *Id.* at 44. The defendant further asserted that § 853(n)'s ancillary proceedings were "inadequate to safeguard third-party rights." *Id.* In rejecting this procedural due process argument, the Supreme Court stressed that "Congress has determined that § 853(n) . . . provides the means by which third-party rights must be vindicated." *Id.*

Two of our sister circuits have since held that *Libretti* resolves the due process challenge that 101 Houseco raises here. *See United States v. Dong Dang Huynh*, 595 F. App'x 336, 340–41 (5th Cir. 2014) ("The Supreme Court's rejection of a due-process argument concerning § 853 controls this case."); *United States v. McHan*, 345 F.3d 262, 270 (4th Cir. 2003) ("In *Libretti*, the Supreme Court rejected the defendant's argument that a § 853(n) proceeding inadequately protected third parties' interests."). But even assuming that *Libretti* does not conclusively resolve the issue, it strongly suggests that § 853(n) does not violate 101 Houseco's procedural due process rights.

Other precedents confirm this. To show a procedural due process violation, 101 Houseco must prove "two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Even if 101 Houseco had a legitimate property interest in PLV East (it did not), § 853(n) provided it with adequate procedural safeguards. Section 853(n) permits rightful owners in ancillary proceedings to establish their claims to the property by showing they have superior title or are bona fide purchasers. 21 U.S.C. § 853(n)(6). This provides sufficient protection because "criminal forfeiture is an *in*

*personam* action in which only the *defendant's interest* in the property may be forfeited." Fed. R. Crim. P. 32.2(b), Advisory Comm. Notes (2000) (emphasis added). Section 853(n)(6) does not raise due process concerns in the general course because it still permits third parties to prove their *own* cognizable interests in the property. *See Liquidators*, 630 F.3d at 1146 (explaining that, if a third party proves a valid interest under § 853(n)(6), it "would prevail in the ancillary proceeding *on the merits*, regardless of any possible legal challenges to the forfeitability of the property generally"); *McHan*, 345 F.3d at 270 ("[Section] 853(n) provides all of the process due."). 101 Houseco could not show a valid interest in PLV East because it was an entity created to perpetrate a fraud.

Moreover, third parties may also petition the Attorney General for discretionary relief to mitigate, remit, or restore a forfeited property or take "any other action to protect the rights of innocent persons which is in the interest of justice." 21 U.S.C. § 853(i)(1). That provides even further protection for those claiming a legitimate interest in forfeited property. *See DLI Assocs. LLC*, 496 F.3d at 186–87.[4]

101 Houseco nonetheless points to two cases to argue that § 853(n)(6)'s protections are insufficient. *See United States v. Daugerdas*, 892 F.3d 545 (2d Cir. 2018); *United States v. Reckmeyer*, 836 F.2d 200 (4th Cir. 1987). Both are inapposite.

---

[4] Indeed, 101 Houseco concedes that allegedly "innocent investors" in 101 Houseco, who do not themselves have an ownership interest in PLV East, have apparently been able to use § 853(i) to receive some redress.

*Reckmeyer* dealt with the scope of "bona fide purchaser for value" under 21 U.S.C. § 853(n)(6)(B).  The court noted that "[s]erious due process questions would be raised . . . if third parties asserting an interest in forfeited assets were barred from challenging the validity of the forfeiture." *Reckmeyer*, 836 F.2d at 206.  So, it determined that it must "resolve all ambiguities in the text of the statute in a manner that will avoid this possible constitutional infirmity." *Id.*  In doing so, however, the court did not expand the types of permissible challenges under § 853(n), nor did it suggest that a third party could assert a claim outside the grounds § 853(n)(6) sets forth.  The court instead held that it must interpret "'bona fide purchaser for value' . . . liberally to include all persons who give value to the defendant in an arms'-length transaction with the expectation that they would receive equivalent value in return." *Id.* at 208.  But, again, 101 Houseco does not claim it is a bona fide purchaser.  *Cf. DSI Assocs. LLC*, 496 F.3d at 185 n.13 (distinguishing *Reckmeyer* because, unlike in *Reckmeyer*, the third party before it did "not assert that it has standing under section 853(n)").

*Daugerdas* likewise does not suggest that third parties may challenge the antecedent question of whether the property was forfeitable.  It dealt with a third party's due process challenge for a defendant forfeiting "substitute property," 892 F.3d at 553–58, which involves a distinct set of statutory provisions.  *See* 21 U.S.C. § 853(p); *see also Daugerdas*, 892 F.3d at 550, 554 (describing the particular due process concern with substitute property as arising from a "glitch in § 853's procedural structure").  As to the provisions at issue here, the Second Circuit has recognized what we now hold: "section 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets," and it does not allow "relitigation of the forfeitability

of the property." *DSI Assocs. LLC*, 496 F.3d at 185 (quoting Fed. R. Crim. P. 32.2, Advisory Comm. Notes (2000)).

**AFFIRMED.**