**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-1362, 21-2623, 22-1953 & 22-2328
_____

UNITED STATES OF AMERICA

v.

CHARLES M. HALLINAN

LINDA B. HALLINAN,*
                    Appellant in No. 21-1362

LINDA B. HALLINAN and L.B.S.,*
Appellants in Nos. 21-2623, 22-1953 & 22-2328

*(Under Fed. R. App. P. 12(a))
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:16-cr-00130-001)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted: April 24, 2023

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*

(Filed: July 19, 2023)
_____

James T. Giles
BLANK ROME LLP
130 N 18th Street
One Logan Square
Philadelphia, PA 19103

Lance Rogers
ROGERS COUNSEL
26 East Athens Avenue
Ardmore, PA 19003

Jed Silversmith
LAW OFFICES OF JED SILVERSMITH LLC
P.O. Box 2762
Philadelphia, PA 19118
    *Counsel for Appellant*

Mark B. Dubnoff
Elizabeth M. Ray
OFFICE OF UNITED STATES ATTORNEY
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
    *Counsel for Appellee*

———————————

OPINION OF THE COURT
———————————

BIBAS, *Circuit Judge*.

Ill-gotten wealth is never stable. The government can forfeit and go after criminal earnings wherever they may be

stashed—even in the hands of third parties. Though the criminal defendants themselves have myriad procedural rights, those rights do not transfer to whoever may be holding the tainted property. Instead, "innocent" third parties can hang on to the property only if they show that they really did get it innocently, either by paying good money for it or getting it before it was criminally tainted. They cannot challenge whether the property was rightly forfeited; only the defendant can do that.

Linda Hallinan tries to challenge the forfeiture orders against her father, the defendant. Because she cannot raise her father's challenges, we will affirm in part. And because the discovery orders that she challenges are not final, we will dismiss in part for lack of jurisdiction.

## I. THE PAYDAY-LENDING ASSETS

For more than fifteen years, Charles Hallinan ran twenty-six payday-lending companies. They flouted state criminal laws against usury, charging fees roughly equal to 780% interest per year. In total, these companies grossed nearly half a billion dollars. Eventually, a federal grand jury indicted Charles on seventeen counts, including two for RICO conspiracy. After a two-month trial, the jury convicted him on all seventeen. He was sentenced to fourteen years in prison and fined $2.5 million.

On top of all that, Charles had to forfeit $64 million in illicit gains from the RICO conspiracy. To recover that amount, the District Court's first forfeiture order covered a wide array of accounts, properties, and other assets. It also broadly ordered the forfeiture of "any interest in" the "Hallinan Payday

3

Lending Enterprise." JA 50–51 ¶3. The District Court then amended that order to include assets uncovered later in the investigation. Charles did not object to these follow-up forfeitures.

But he had already given some of the forfeited property to his daughter Linda and his minor granddaughter L.B.S. So after the follow-up forfeiture orders, Linda filed ancillary claims to recover her interest in the assets. The District Court denied them. We review its findings of fact for clear error and its legal conclusions de novo. *United States v. Lacerda*, 958 F.3d 196, 216 (3d Cir. 2020).

## II. LINDA CANNOT CHALLENGE CHARLES'S FORFEITURES

### A. The ancillary proceeding's scope

To sue in federal court, a plaintiff must have both constitutional standing and a cause of action. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–28 (2014). Constitutional standing comes from an injury; a cause of action gives the injured party the right to sue for redress. Federal causes of action are almost always created by statute. So we use "traditional tools of statutory interpretation" to discern a cause of action's elements and decide whether it "encompasses a particular plaintiff's claim." *Id.* at 127. (Courts sometimes call this inquiry "statutory standing" or "prudential standing." *Id.* at 127–28 & n.4. But unlike constitutional standing, a cause of action is not jurisdictional, so those terms are "misleading." *Id.* at 128 n.4.)

Here, the forfeiture statutes' text and structure eliminate any "guesswork." *Id.* at 131. The statutes wall off the

4

defendant's legal rights in forfeited property from those of third parties through a two-stage process. At stage one, the only relevant party is the criminal defendant. For a RICO conviction, the defendant "shall forfeit" any "interest in" or "proceeds … from" the conspiracy. 18 U.S.C. § 1963(a). If the District Court finds that the property fits that description, it "must enter the [forfeiture] order *without regard to* any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A) (emphasis added). Third parties may neither intervene in that forfeiture proceeding nor bring separate suits to assert their interests. 18 U.S.C. § 1963(i); 21 U.S.C. § 853(k). Instead, their interests "must be deferred until any third party files a claim in an ancillary proceeding." Fed. R. Crim. P. 32.2(b)(2)(A).

That ancillary proceeding is stage two. Only there can "[a]ny person, other than the defendant, asserting a legal interest" in the forfeited property bring a claim. 18 U.S.C. § 1963(*l*)(2); 21 U.S.C. § 853(n)(2). The court can amend the forfeiture order if the third party shows that she either (1) was a bona fide purchaser for value or (2) has an interest in the forfeited property that was vested or superior at the time of the crime. 18 U.S.C. § 1963(*l*)(6); 21 U.S.C. § 853(n)(6). Otherwise, the third party cannot "relitigat[e]" the underlying forfeiture order against the defendant. Fed. R. Crim. P. 32.2 adv. comm. n., subdiv. (b); *cf. In re NFL Players Concussion Inj. Litig.*, 775 F.3d 570, 576 n.6 (3d Cir. 2014) (noting the weight courts give to advisory committee notes).

So to recover the property Charles forfeited, Linda must show either that she was a bona fide purchaser or that her interest is superior to the government's. *United States v. 101 Houseco, LLC*, 22 F.4th 843, 849–50 (9th Cir. 2022) (collecting

5

cases); *United States v. Lavin*, 942 F.2d 177, 185 n.9 (3d Cir. 1991) (noting that we interpret § 1963(*l*) and § 853(n) alike).

## B. Linda has not proven the cause of action's required elements

Linda does not say she was a bona fide purchaser. Nor does she make much of an effort to prove that her interest was or is superior to the government's. Under the "relation back" rule, all property rights vest in the government "upon the commission" of the crime. 18 U.S.C. § 1963(c); 21 U.S.C. § 853(c). The District Court credited the government's tracing expert and found that Charles's criminal enterprise got the assets before he gave them to Linda. Linda claims that no one used criminal funds to buy those assets. But that argument goes to the property's forfeitability, which is beyond the ancillary proceeding. She never contests the timeline showing that the criminal enterprise got them first. So the government took title before she did, making its interest superior. *See* 18 U.S.C. § 1963(*l*)(6)(A); 21 U.S.C. § 853(n)(6)(A).

There is one wrinkle. Linda says the underlying forfeiture orders did not *directly* forfeit the property that she seeks to recover. Instead, she says, the District Court forfeited it as *substitute* property. And that distinction could matter: the parties agreed that the government's interest in substitute property relates back to the time of the indictment, not the crime. (We take no position on whether that reading of the law is right; the circuits are split on that question. *United States v. Erpenbeck*, 682 F.3d 472, 477–78 (6th Cir. 2012) (Sutton, J.) (describing the circuit split).)

Linda may not challenge the method used in the underlying forfeiture order. But because it affects the superiority of her interest, she may seek to interpret that order. Yet she faces a steep climb. We review the District Court's reading of its own order for abuse of discretion, giving it "great deference." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 244 (3d Cir. 2013) (internal quotation marks omitted).

The District Court read its own orders to forfeit the relevant assets directly. In doing so, it did not abuse its discretion. True, the orders mentioned substitute property as an alternative theory. But the court reasoned primarily that these assets were simply later-discovered assets of the initially forfeited enterprise. *Cf.* Fed. R. Crim. P. 32.2(e)(1)(A). So the government's interest relates back to the time of the crime, trumping Linda's interest.

The rest of Linda's arguments challenge the forfeiture orders procedurally and substantively: Linda says the property was not forfeitable, the forfeiture was excessive, the district court bungled forfeiture procedure, Charles did not get due process, and so on. But only the defendant may challenge the forfeitures themselves. So these arguments are irrelevant to Linda's limited cause of action.

And though Linda gestures at her own due-process rights, she got all the process that she was due: notice and a hearing to prove that she was the rightful owner. Plus, she can petition the Attorney General for discretionary relief. 18 U.S.C. §1963(g)(1); 21 U.S.C. §853(i)(1). Those protections are enough. *Libretti v. United States*, 516 U.S. 29, 44 (1995) (holding that §853(n) suffices to protect third parties' rights).

7

### III. WE LACK JURISDICTION OVER THE SUBPOENAS

Linda also challenges the subpoenas issued to her, her lawyers, and her bank. We lack jurisdiction over all three. As for the bank subpoena, a "court ruling denying" a bank customer's motion to quash is "not … a final order" and the customer may take "no interlocutory appeal" of it. 12 U.S.C. § 3410(d). Rather, the customer may appeal the ruling only either (1) as part of an "appeal from a final order in any legal proceeding *initiated against* [*the customer*] arising out of or based upon the financial records" subpoenaed, or (2) after being "notif[ied] that no legal proceeding is contemplated against [the customer]." *Id.* (emphasis added). These procedures are "the sole judicial remedy available to a customer to oppose disclosure of financial records." § 3410(e).

The District Court's ruling fits neither category. The proceedings below were not "against" Linda. The forfeiture proceedings were against Charles, and she brought the ancillary proceeding. Nor did the government ever notify Linda that it is not contemplating proceeding against her. So the denial of her motion to quash the bank subpoena is not a final order, and we lack jurisdiction over it. 28 U.S.C. § 1291; *see Irani v. United States*, 448 F.3d 507, 511 (2d Cir. 2006).

Ditto for the subpoenas to her lawyers and herself. Linda says the District Court wrongly denied her motions to quash those subpoenas. But those denials are not final orders. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009); *Leonard v. Martin*, 38 F.4th 481, 485–88 (5th Cir. 2022); *Ott v. City of Milwaukee*, 682 F.3d 552, 554–55 (7th Cir. 2012). So to appeal right away, Linda and her lawyers needed to defy the

subpoenas and be held in contempt. *United States v. Sciarra*, 851 F.2d 621, 628–29 (3d Cir. 1988); *Leonard*, 38 F.4th at 488. Yet they never did.

Resisting this conclusion, Linda argues that the denials became final when the District Court entered judgment in the ancillary proceedings. But the denials did not merge into those judgments. Rather, they merged (if at all) into the partial final orders of forfeiture, which Charles never appealed. Indeed, Linda complains that the government used the subpoenas "to locate assets to satisfy a forfeiture." First Appellants' Br. 61 (lowercased). She does not complain that they were used to dispute her lawful ownership during the ancillary proceeding.

Because the orders denying the motions to quash did not "affect the final judgment" from which she appeals, they are not part of this appeal. *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 706 (3d Cir. 1996); *see* 16A Charles Alan Wright, Arthur R. Miller & Catherine T. Struve, *Federal Practice & Procedure* § 3949.4 (5th ed. 2023). Thus, we cannot review them.

\* \* \* \* \*

The time to challenge the forfeitures of Charles Hallinan's property is over. Now, affected property owners may recover their property only by showing that they were good-faith buyers or had superior interests. Charles's daughter Linda has shown neither, so the District Court properly denied her claims. And its denials of her motions to quash are not final orders, so we lack jurisdiction to review them.

9