NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAGED LABIB KARAS,

Plaintiff-Appellant,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION;
RALPH DIAZ, Secretary of the CDCR,

Defendants-Appellees.

No.    21-15905

D.C. No.
2:20-cv-01488-JAM-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 17, 2023
San Jose, California

Before:  MURGUIA, Chief Judge, and PAEZ and FRIEDLAND, Circuit Judges.

Maged Labib Karas, a California state prisoner who is serving a sentence of

36 years to life, filed this action pursuant to 42 U.S.C. § 1983 against the

California Department of Corrections and Rehabilitation ("CDCR") and five prison

officials (collectively, "Defendants").  In his First Amended Complaint, Karas

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

alleges Defendants violated his due process rights by depriving him of postsentence credits at a day-for-day rate as a non-violent offender. The district court dismissed Karas's First Amended Complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C § 1915A. We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.

## I.

In 2009, a jury convicted Karas of several felonies and enhancements stemming from a drunk driving incident. As relevant here, Karas was convicted of an enhancement under California Penal Code § 12022.7(a) for causing "great bodily injury. . . in the commission of a felony." This enhancement constitutes a violent felony,[2] which subjects Karas to California Penal Code § 2933.1's credit-earning limitation. *See* Cal. Penal Code §§ 667.5(c)(8), 2933.1(a), 12022.7(a). At sentencing, the California Superior Court erroneously concluded Karas was not convicted of a violent felony and did not apply Section 2933.1's credit-earning

---

[1] CDCR is entitled to sovereign immunity, which precludes jurisdiction in federal court over the claims against it. *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (holding that CDCR is entitled to sovereign immunity); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 673 (9th Cir. 1993) ("[S]overeign immunity is jurisdictional in nature."). Because the same claims are asserted against the individual defendants, however, we have jurisdiction to reach the merits as to them.

[2] Section 667.5(c)(8) defines a "violent felony" to include "[a]ny felony in which the defendant inflicts great bodily injury on a person other than an accomplice, which has been charged and proved as provided for in Section 12022.7."

limitation in awarding Karas his presentence credits.

In 2016, Karas received a Legal Status Summary from CDCR indicating he had been convicted of a violent felony subject to Section 2933.1's credit-earning limitation. Karas filed an administrative appeal challenging Defendants' decision to classify his offense as violent and apply the credit-earning limitation. After his administrative appeal was denied, Karas filed a habeas petition in state court. The California Superior Court denied Karas's habeas petition and determined that CDCR was "properly applying Penal Code § 2933.1's credit-earning limitation because Mr. Karas's great bodily injury enhancement supports his classification as a violent offender."[3] *In re Karas*, No. SWF027168 (Riverside Cnty. Super. Ct.

---

[3] Defendants request that we take judicial notice of ten documents from Karas's prior habeas proceedings: (1) Karas's Petition for Writ of Habeas Corpus; (2) the State's Informal Response to Karas's Habeas Petition; (3) the California Superior Court's Order; (4) the Fourth District Court of Appeal's Order: (5) the California Supreme Court Docket Sheet; (6) an Amended Abstract of Judgement; (7) a Legal Status Summary; (8) a February 2010 Audit Checksheet; (9) an April 2011 Audit Checksheet; and (10) a November 2012 Audit Checksheet. Dkt. No. 44. Karas opposes this request. Dkt. No. 58. The first six documents are the proper subject of judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that the court "may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts" (citations omitted)). The remaining documents are internal CDCR records that are neither "generally known within the trial court's territorial jurisdiction" nor "accurately and readily determined from sources whose accuracy cannot be reasonably be questioned" as required under Federal Rule of Evidence 201. Accordingly, we grant CDCR's request as to the first six documents and deny the request as to all the other documents.

Feb. 21, 2018).  Karas unsuccessfully appealed the Superior Court's decision to the California Court of Appeal and the California Supreme Court.  Karas then filed this action in federal district court.

## II.

We review de novo the district court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  "To survive § 1915A review, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (citations and quotation marks omitted).

## III.

The California habeas court's conclusion that CDCR properly limited Karas's credit-earning status under Section 2933.1 bars relitigation of that question.  Under California law, issue preclusion applies: "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party."  *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387 (Cal. 2015) (citations omitted).  Karas disputes only the second requirement.

"The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or

4

dispositions are the same." *Hernandez v. City of Pomona*, 207 P.3d 506, 511–12 (Cal. 2009) (quoting *Lucido v. Sup. Ct.*, 795 P.2d 1223, 1225 (Cal. 1990)). Here, both actions involve the same factual allegations; Karas alleges that CDCR improperly classified his offense as violent, depriving him of postsentence credits at a day-for-day rate. We conclude that the elements of issue preclusion are met. Because the California Superior Court, in ruling on Karas's habeas petition, determined that CDCR had properly calculated his credit rate despite the sentencing court's initial, erroneous calculation of his presentence credits, Karas cannot relitigate that issue here.

IV.

The district court correctly concluded that Karas failed to state a plausible claim for relief under the Due Process Clause. To state a procedural due process claim, Karas must allege: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)). A protected liberty interest may arise from either the Constitution or "from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A state-created liberty interest exists when "the state has created some 'underlying substantive interest' that rises to the level of a legitimate

claim of entitlement." *Johnson v. Ryan*, 55 F.4th 1167, 1193 (9th Cir. 2022) (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 757 (2005)).

Karas fails to plausibly allege that Defendants deprived him of a protected state-created liberty interest to which he had a "legitimate claim of entitlement" in postsentence credits at a day-for-day rate. *Id.* In its order denying Karas's habeas petition, the state habeas court determined that CDCR was "properly applying Penal Code § 2933.1's credit-earning limitation because Mr. Karas's great bodily injury enhancement supports his classification as a violent offender." *In re Karas*, No. SWF027168 (Riverside Cnty. Super. Ct. Feb. 21, 2018). Because issue preclusion applies to this determination, Karas cannot plausibly allege a legitimate claim of entitlement to postsentence credits at a day-for-day rate. The district court thus properly dismissed this complaint for failure to state a claim.

Karas argues that even if he did not have a substantive right to postsentence credits at a day-for-day rate, due process protections were triggered when the sentencing court awarded him credits at the higher rate. And so, he was still entitled to due process before Defendants applied Section 2933.1's credit-earning limitation. However, the premise of Karas's argument rests on the sentencing court's calculation of his *pre*sentence credits. Because the California "felony sentencing system, include[es] [] separate and independent credit schemes for presentence and postsentence custody," Karas has not plausibly alleged he was

6

granted *post*sentence credits at a day-for-day rate in the first place. *People v. Buckhalter*, 25 P.3d 1103, 1110 (Cal. 2001) (explaining that "[o]nce a person begins serving his prison sentence, he is governed by an entirely distinct and exclusive scheme for earning credits to shorten the period of incarceration" and that the "[a]ccrual, forfeiture, and restoration of prison worktime credits are pursuant to procedures established and administered by the Director ").

We therefore affirm the district court's judgment dismissing Karas's First Amended Complaint.

**AFFIRMED.**

Appellees' motion for judicial notice (Dkt. No. 44) is **GRANTED IN PART** and **DENIED IN PART**.