**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAYMIN VAGHASHIA; et al., | No. 22-56064 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-03257-DMG-JPR |
| v. | |
| CITY OF LOS ANGELES, a municipal corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted January 12, 2024
Pasadena, California

Before: BOGGS,[**] RAWLINSON, and H.A. THOMAS, Circuit Judges.

Jaymin Vaghashia, et al. (Appellants) appeal the district court's dismissal of

their action brought under 42 U.S.C. § 1983 alleging violations of the Fifth

Amendment Takings Clause and the Fourteenth Amendment Due Process Clause.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellants' action is predicated on the conversion of their transient occupancy motel into a residential hotel pursuant to Los Angeles Municipal Code Article 7.1 of Chapter 4, Residential Hotel Unit Conversion and Demolition Ordinance § 47.70 *et seq*. The district court dismissed the claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023) (citation and internal quotation marks omitted). "The complaint must plausibly give rise to an entitlement to relief. . . ." *Id*. (citation and internal quotation marks omitted).

1.　　When examining a claim under the Takings Clause, we consider "the economic impact of the regulation on the claimant and, particularly, the extent to which the regulation has interfered with distinct investment-backed expectations." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538-39 (2005) (citation and alteration omitted). According to Appellants, diminution of their property value established the requisite economic impact. But "mere diminution in the value of property, however serious, is insufficient to demonstrate a taking." *Concrete Pipe & Prods.*

*of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 645 (1993) (citations omitted).

2.      Appellants contend that because "[t]he ordinance takes away the essential right from Appellants to exclude parties from occupying and renting units and their motel on a long term basis," it "amounts to a physical per se taking." However, the Supreme Court has clarified that a physical per se taking occurs "[w]hen the government . . . appropriat[es] private property for itself or a third party." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021) (citation omitted).  Because the government did not appropriate Appellants' property, the district court did not err in dismissing Appellants' claim under the Takings Clause.

3.      "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. . . ." *Platt v. Moore*, 15 F.4th 895, 904 (9th Cir. 2021) (citation and internal quotation marks omitted).  "To show a procedural due process violation," a plaintiff "must prove two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022) (citation and internal quotation marks omitted).  Although due process encompasses a "procedural right to a timely hearing and decision," *Leventhal v. U.S. Dept. of Labor*, 766 F.2d 1351, 1356 (9th

Cir. 1985), Appellants did not allege that the delay in this case deprived them of a liberty or property interest, such as the ability to rent their units on a short-term basis while the proceedings were pending. *See 101 Houseco, LLC*, 22 F.4th at 851.[1] Therefore, the district court did not err in dismissing Appellants' due process claim.

4.    Contrary to Appellants' argument, the district court did not abstain under *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). In fact, the district court declined the City of Los Angeles's motion for *Pullman* abstention. Instead, the district court declined to exercise supplemental jurisdiction over the claim for issuance of a writ of mandate under state law. The district court's decision was well within its discretion. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.") (citations and internal quotation marks omitted).

**AFFIRMED.**

---

[1] Appellants contend that the harmless error standard is inapplicable when determining whether a due process violation occurred. We are not persuaded. *See ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1079 (9th Cir. 2015) (remanding to the district court to determine whether the procedural due process violation was harmless); *see also Al Haramain Islamic Found., Inc. v. U.S. Dept. of Treasury*, 686 F.3d 965, 989 (9th Cir. 2012), *as amended* (articulating the burden of proof to demonstrate that a procedural due process violation harmed a plaintiff).

4