NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

NORMAN WELCH,

      Claimant - Appellant,

TRINA M. WELCH,

      Defendant - Appellee.

No. 23-3309

D.C. No.
2:20-cr-00052-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted November 20, 2024[**]
Seattle, Washington

Before: McKEOWN, GOULD, and H.A. THOMAS, Circuit Judges.

Norman Welch appeals the district court's orders dismissing his third-party

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition in a criminal forfeiture action and denying him leave to amend. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Because Welch failed to provide sufficient information about his proposed bases for ownership of the properties in question, Welch's petition was properly dismissed for failure to state a claim. Fed. R. Crim. P. 32.2(c)(1)(A); 21 U.S.C. § 853(n)(3), (6); *see also United States v. 101 Houseco, LLC*, 22 F.4th 843, 847 (9th Cir.), *cert. denied*, 143 S. Ct. 209 (2022) (affirmance permitted on any ground supported by the record). Welch's petition did not contain pertinent details regarding the circumstances of his acquisition of the properties, most significantly whether they were acquired before the onset date of the underlying crimes. 21 U.S.C. § 853(n)(3), (6).

2. The district court did not abuse its discretion in denying Welch leave to amend his petition. Welch failed to explain why he was previously unable to discover the information set forth in his motion to amend, and the district court properly characterized the facts described in that motion as new grounds for relief. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("[A] party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable.") (internal citation omitted). Allowing amendment in these circumstances would, moreover, allow circumvention of the

time limit set forth for third-party petitions in criminal forfeiture actions.[1] 21 U.S.C. § 853(n)(2).

**AFFIRMED.**

---

[1] Welch's other arguments also fail. 21 U.S.C. Section 853(o) did not require the district court to "liberally construe" the statute in Welch's favor to allow him leave to amend. And Welch's due process argument is foreclosed by our decision in *101 Houseco*: "Section 853(n)(6) does not raise due process concerns in the general course because it still permits third parties to prove their *own* cognizable interests in the property." 22 F.4th at 851.

23-3309